UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

AMERICAN FEDERATION OF LABOR )
AND CONGRESS OF INDUSTRIAL )
ORGANIZATIONS )
815 Sixteenth Street, NW )
Washington, DC 20006, )
                                                   Plaintiff, )
 )
v. ) Civil Action No. _____
 )
ELAINE L. CHAO )
United States Secretary of Labor )
200 Constitution Avenue, NW )
Washington, DC 20210, )
 )
                                                   Defendant. )
                                                   )

## COMPLAINT

1. This is an action for review of agency rule making under the Administrative Procedure Act. Plaintiff asks this Court to hold unlawful and set aside the final rule entitled "Labor Organization Officer and Employee Report, Form LM-30" issued by defendant Secretary of Labor on July 2, 2007, 73 Fed. Reg. 36106 (amending 29 C.F.R. Part 404).

## JURISDICTION AND VENUE

2. This Court has authority to review the defendant Secretary of Labor's issuance of a final rule under the Administrative Procedure Act, 5 U.S.C. §§ 702 and 704, and jurisdiction over this action seeking such review pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(e) in that defendant's headquarters are located in this district, the challenged rule was issued in this district, and plaintiff AFL-CIO is headquartered in this district.

## PARTIES

4. Plaintiff American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") is a federation of 55 national and international labor organizations that have a total membership of some 10 million working men and women. The AFL-CIO brings this action on its own behalf and on behalf of its member unions and their affiliated local unions.

5. Plaintiff AFL-CIO is a "labor organization" within the meaning of the Labor-Management Reporting and Disclosure Act of 1959, as amended ("LMRDA"), 29 U.S.C. §§ 401 *et seq*. Plaintiff's officers and employees are therefore subject to the labor organization officer and employee reporting requirements established by the final rule.

6. Plaintiff AFL-CIO's member national and international labor unions and many of those unions' affiliated local unions are "labor organizations" within the meaning of the LMRDA. These labor organizations' officers and employees are therefore subject to the labor organization officer and employee reporting requirements established by the final rule. Plaintiff AFL-CIO has standing to bring this litigation on behalf of such member unions and affiliates.

7. Defendant Elaine L. Chao is the United States Secretary of Labor ("Secretary"). She is sued in her official capacity pursuant to 5 U.S.C. § 703.

## FACTS

8. LMRDA § 202, entitled "Report of officers and employees of labor organizations," requires labor organization officers and employees to report specified financial interests or receipts that create potential conflicts between their personal financial interests and their duties to their respective labor organizations. 29 U.S.C. § 432.

9. LMRDA § 208(a) grants the Secretary authority to issue and amend rules and regulations prescribing the form of reports required to be filed under LMRDA § 202 and to issue such other reasonable rules and regulations as she finds necessary to prevent the circumvention or evasion of such reporting requirements. 29 U.S.C. § 438(a).

10. In 1963, exercising the authority granted by LMRDA § 208(a), the Secretary of Labor issued rules and regulations requiring labor organization officers and employees to report the interests and receipts specified in LMRDA § 202 on Department of Labor Form LM-30. *See* 28 Fed. Reg. 10333 (Sept. 21, 1963); 28 Fed. Reg. 14384 (Dec. 27, 1963).

11. On August 29, 2005, the Secretary published a notice of proposed rule making in the Federal Register proposing to amend the Form LM-30 and its instructions. 70 Fed. Reg. 51166.

12. On July 2, 2007, the Secretary published in the Federal Register a final rule entitled "Labor Organization Officer and Employee Report, Form LM-30." 73 Fed. Reg. 36106. On December 20, 2007, the Office of Management and Budget assigned a control number to the revised Form LM-30 thereby allowing the form to go into effect under the Paperwork Reduction Act.

13. The final rule expands the Form LM-30 financial reporting requirements in the following respects:

(a) redefining the term "labor organization employee" to encompass union members who are not employed by their unions but who do perform representational functions on behalf of their unions during their workday, such as meeting with employer representatives over contractual grievances

or participating in shop floor safety inspections, without having their pay docked by their employers;

(b) treating a union member's receipt of his or her normal pay and benefits from his or her employer for time spent performing representational functions on behalf of his or her union, which pay is received by reason of his or her employment, as pay that is not "received as a bona fide employee of such employer" within the meaning of LMRDA § 202(a)(1);

(c) treating "bona fide loans" – i.e., loans from a national or state bank, credit union, savings or loan association or other bona fide financial institution that are based on the financial institution's own neutral criteria and made on terms unrelated to the filer/debtor's status as a labor organization officer or employee – as reportable under LMRDA § 202(a)(3) & (4) to the extent that the financial institution: (i) deals with the filer/debtor's labor organization or a trust in which that labor organization is interested, or (ii) does a substantial part of its business with employers whose employees the labor organization represents or seeks to represent;

(d) treating as "employers" covered by § 202(a)(6) certain entities, such as trusts, charities and other labor organizations, whose employees are neither represented by the filer's labor organization nor of a type that the filer's labor organization could reasonably be expected to seek to represent; and

(e) treating "bona fide loans" from a credit union that are based on the credit union's own neutral criteria and made on terms unrelated to the filer/debtor's status as a labor organization officer or employee as reportable under LMRDA § 202(a)(6) to the extent that the credit union is a trust in which the filer/debtor's labor organization is interested.

## FIRST CAUSE OF ACTION

14. The changes to the Form LM-30 financial reporting requirements described in ¶ 13 are contrary to LMRDA § 202 and in excess of the Secretary's authority under LMRDA § 208 and should be held unlawful and set aside, 5 U.S.C. § 706(2)(A) & (C).

## SECOND CAUSE OF ACTION

15. The change described in ¶ 13 (c), assuming the Secretary had authority to make such a change, was made without compliance with the notice and comment requirements of § 4 of the Administrative Procedure Act (APA), 5 U.S.C. § 553, and should be held unlawful and set aside, 5 U.S.C. § 706(2)(D).

## THIRD CAUSE OF ACTION

16. The changes described in ¶ 13 (c) & (e), assuming the Secretary had authority to make such changes, are arbitrary and capricious in that the Secretary has not offered an adequate explanation for requiring that such bona fide loans be

reported on the Form LM-30 and should be held unlawful and set aside, 5 U.S.C. § 706(2)(A).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(a) Hold unlawful and set aside the final rule; and

(b) Grant such other and further relief as is just and appropriate.

Respectfully submitted,

_____
JONATHAN P. HIATT
(D.C. Bar # 427856)
JAMES B. COPPESS
(D.C. Bar # 347427)
DEBORAH GREENFIELD
(D.C. Bar # 358317)
815 Sixteenth Street, NW
Washington, DC 20006
202-637-5337

_____
LEON DAYAN
(D.C. Bar # 444144)
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, NW
Suite 1000
Washington, DC 20005
(202) 842-2600

*Attorneys for Plaintiff*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

AMERICAN FEDERATION OF LABOR
AND CONGRESS OF INDUSTRIAL
ORGANIZATIONS
815 Sixteenth Street, NW
Washington, DC 20006

## DEFENDANTS

ELAINE L. CHAO
United States Secretary of Labor
200 Constitution Avenue, NW
Washington, DC 20210

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

LEON DAYAN
(D.C. Bar # 444144)
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, NW
Suite 1000
Washington, DC 20005
(202) 842-2600

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

● **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. §§ 702, 706, Challenge to Department of Labor regulations

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 1/14/08   SIGNATURE OF ATTORNEY OF RECORD  *Leon Dayan*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.