# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:08-cv-00069 (CKK) |
| ELAINE L. CHAO, Secretary, United States Department of Labor, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE

Pursuant to Local Rules 7(h) and 56.1, Defendant, Elaine L. Chao, in her official capacity as Secretary of the United States Department of Labor ("Secretary" or "Department"), by and through undersigned counsel, submits the following response to Plaintiff's Statement Of Material Facts As To Which There Is No Dispute.

As discussed in Defendant's Statement Of Material Facts As To Which There Is No Genuine Issue, this case is brought under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.* The issue to be resolved is whether the Final Rule promulgated by the Secretary on July 2, 2007 entitled "Labor Organization Officer and Employee Report, Form LM-30," 72 Fed. Reg. 36106, complied with the legal requirements of the APA. This issue is resolved by reference to the administrative record, which contains all material facts pertinent to the legal issue before the Court. In an APA case, the Court does not determine whether facts are undisputed to rule on summary judgment; it reviews the material facts set forth in the

administrative record to ascertain whether as a matter of law the evidence permits the agency to

make its decision. *Hammond v. Norton*, 370 F. Supp. 2d 226, 238 (D.D.C. 2005). Plaintiff

agrees that there are no disputed facts and that it challenges the Final Rule on legal grounds. *See*

Pl.'s Mot. for Summ. J. at 1.

Defendant further responds as follows:

1.    Plaintiff American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") is a federation of national and international labor organizations.

**Response**:    Undisputed.

2.    Defendant Elaine L. Chao is the United States Secretary of Labor ("Secretary").

**Response**:    Undisputed.

3.    On July 2, 2007, the Secretary published in the Federal Register a final rule entitled "Labor Organization Officer and Employee Report, Form LM-30." 72 Fed. Reg. 36106.

**Response**:    Undisputed.

4.    Plaintiff AFL-CIO is a "labor organization" within the meaning of the Labor-Management Reporting and Disclosure Act of 1959, as amended ("LMRDA"), 29 U.S.C. §§ 401 *et seq.* Plaintiff's officers and employees are therefore subject to the labor organization office and employee reporting requirements established by the final rule.

**Response**:    Undisputed.

5.    Plaintiff AFL-CIO's member national and international labor unions and many of those unions' affiliated local unions are "labor organizations" within the meaning of the LMRDA. These labor organizations' officers and employees are therefore subject to the labor organization officer and employee reporting requirements established by the final rule.

**Response**:    Undisputed.

6.    Exhibit 2 is a copy of the Department of Labor Form LM-30 Labor Organization Officer Employee [sic] Report that was in effect from 1963 through the end of 2007 (for union officers/employees who file their federal tax returns on a calendar year basis). This

version of the Form LM-30 is available at:
http://www.dol.gov/esa/regs/compliance/olms/GPEA-FORMS/lm-30p.pdf.  Exhibit 3 is a
copy of the Instructions for that Form LM-30.  These Instructions are available at:
http://www.dol.gov/esa/regs/compliance/olms/GPEA-Forms/lm-30-Instructions.pdf.

**Response**:    Disputed.  Exhibits 2 and 3 are the Department of Labor Form LM-30
Labor Organization Officer and Employee Report and Instructions,
respectively, that were in effect since 2003.  The final regulations
associated with the Department of Labor's Form LM-30 Labor
Organization and Employee Report and Instructions that were in effect
from 1963 through 2003 are available at 28 Fed. Reg. 14384 (Dec. 27,
1963).  For the Court's convenience, a copy of these regulations, along
with the Form LM-30 Form and Instructions that were in effect between
1963 and 2003 are attached as Exhibit 1.

7.    Exhibit 4 is a copy of the Secretary's August 19, 2005 Notice of Proposed Rulemaking
entitled "Labor Organization Officer and Employee Reports; Proposed Rules" and
published at 70 Fed. Reg. 51166.

**Response**:    Undisputed.

8.    Exhibit 5 is a copy of a document entitled "Revised Form LM-30 – Labor Organization
Officer and Employee Report; Frequently Asked Questions."  This document was first
posted on the website of the Department of Labor's Office of Labor-Management
Standards on October 2, 2007.

**Response**:    Undisputed, but immaterial.  The Court should disregard Plaintiff's
Exhibit 5.  As Defendant explains in its memorandum of points and
authorities, Plaintiff's reliance on material outside the administrative
record in support of its challenge to the Form LM-30 rule is improper and
should not be considered by the Court.  It is axiomatic that, absent specific
exceptions not present or asserted by Plaintiff here, judicial review of an
agency's actions under the APA is confined to the administrative record.
*See* 5 U.S.C. § 706; Fed. R. Civ. P. 26(a)(1)(E)(I).  Factual evidence
outside the record cannot be considered.  *Fla. Power & Light Co. v.
Lorion*, 470 U.S. 729, 743 (1985) (citing *Camp v. Pitts*, 411 U.S. 138, 142
(1973)).  Plaintiff is challenging several aspects of the final LM-30 Rule,
not the Department's FAQ, *see generally* Compl.; Pl.'s Br., and Plaintiff
does not assert that any of the exceptions to administrative record review
apply.

9.    Exhibit 6 is a copy of the Department of Labor Form LM-10 Employer Report which is
available at http://www.dol.gov/esa/regs/compliance/olms/GPEA_Forms/lm-10p.pdf.

Exhibit 7 is a copy of the Instructions for the Form LM-10 which are available at: http://www.dol.gov/esa/regs/compliance/olms/GPEA_Forms/LM-10 instructions.pdf.

**Response**:    Undisputed, but immaterial.

10.    Exhibit 8 are excerpts from the *LMRDA Interpretative Manual* issued by the Department of Labor Office of Labor-Management Standards.

**Response**:    Undisputed, but immaterial.

DATED: April 21, 2008                          Respectfully submitted,

JEFFREY BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

RICHARD G. LEPLEY
Assistant Branch Director, Civil Division, Federal Programs Branch

*/s/ Tara M. La Morte*
TARA M. La MORTE
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
20 Massachusetts Ave., N.W., Room 7326
Washington, D.C.  20530
Telephone:  (202) 514-1275
Facsimile:  (202) 616-8202
Email: tara.lamorte@usdoj.gov

*Attorneys for Defendant*

**DEFENDANT'S EXHIBIT 1**

## U.S. DEPARTMENT OF LABOR

### BUREAU OF LABOR-MANAGEMENT REPORTS

#### WASHINGTON 25, D.C.

(Reproduced from Federal Register dated October 26, 1962)

# DEPARTMENT OF LABOR

### Bureau of Labor-Management Reports

### [ 29 CFR Part 404 ]

### LABOR ORGANIZATION OFFICERS AND EMPLOYEES REPORT

#### Notice of Proposed Rule Making

In order better to facilitate the filing by labor organization officers and employees of reports which uniformly and fully provide all of the information required by section 202 of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. 432), and pursuant to authority contained in section 208 (29 U.S.C. 438), I propose to amend 29 CFR by adding a new Part 404 to read as follows:

Sec.
404.1   Definitions.
404.2   Annual report.
404.3   Form of annual report.
404.4   Special report.
404.5   Exceptions from the filing requirements of section 404.2.
404.6   Attorney-client communications exempted.
404.7   Personal responsibility of signatories of reports.
404.8   Maintenance and retention of records.
404.9   Publication of reports required by this section.

AUTHORITY: §§ 404.1 to 404.9 issued under secs. 202, 208, 73 Stat. 526, 529; 29 U.S.C. 432, 438.

§ 404.1   Definitions.

As used in this part the term:

(a) (1) "Fiscal year" means the calendar year or other period of 12 consecutive calendar months, on the basis of which financial accounts of the labor organization officer or employee are kept. Where a labor organization officer or employee designates a new fiscal year prior to the expiration of a previously established fiscal year period, the resultant period of less than 12 consecutive calendar months, and thereafter the newly established fiscal year, shall in that order constitute the fiscal year for purposes of the reports required to be filed by section 202(a) of the Act and of the regulation in this part.

(2) A labor organization officer or employee who is subject to section 202(a) of the Act for only a portion of his fiscal year because the date of enactment of the Act (September 14, 1959) occurred during such fiscal year or because the labor organization officer or employee otherwise first becomes subject to the Act during such fiscal year, may consider such portion as the entire fiscal year in making this report under this part.

(b) "Labor organization officer" means any constitutional officer, any person authorized to perform the functions of president, vice president, secretary-treasurer, or other executive functions of a labor organization, and any member of its executive board or similar governing body.

(c) "Labor organization employee" means any individual (other than an individual performing exclusively custodial or clerical services) employed by a labor organization.

(d) "Employer" means any employer or any group or association of employers engaged in an industry affecting commerce (1) which is, with respect to employees engaged in an industry affecting commerce, an employer within the meaning of any law of the United States relating to the employment of any employees or (2) which may deal with any labor organization concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work, and includes any person acting directly or indirectly as an employer or as an agent of an employer in relation to an employee but does not include the United States or any corporation wholly owned by the Government of the United States or any State or political subdivision thereof.

§ 404.2   Annual report.

Every labor organization officer and employee (or his spouse or minor child) who in any fiscal year has been involved in transactions of the type described in section 202(a) of the Act to be reported to the Secretary or holds or has held any interest in an employer or a business of the type referred to therein or has received any payments of the type referred to in the section, shall file with the Commissioner, Bureau of Labor-Management Reports, United States Department of Labor, Washington 25, D.C., within 90 days after the end of his fiscal year, a signed report together with a true copy thereof, containing the detailed information required therein by section 202 (a) of the Act and found by the Secretary under section 208 thereof to be necessary in this report.

§ 404.3   Form of annual report.

On and after the effective date of this section, every labor organization officer and employee required to file an annual report under § 404.2 shall file such report on United States Department of Labor Form LM-30 entitled "Labor Organization Officer and Employee Report," in the detail required by the instructions accompanying such form and constituting a part thereof.

§ 404.4   Special report.

In addition to the report on Form LM-30, the Secretary may require from union officers and employees subject to the Act the submission of special reports on pertinent information including, but not necessarily confined to, reports with respect to matters referred to in items (ii) and (iv) of the Instructions relating to Part A of the form and items (ii) and (iii) of the Instructions relating to Part C of the form.

§ 404.5   Exceptions from the filing requirements of § 404.2.

Nothing contained in this part shall be construed to require:

(a) A labor organization officer or employee to file a report under section 202(a) of the Act unless he or his spouse or minor child holds or has held an interest, has received income or any other benefit with monetary value or a loan, or has engaged in a transaction described therein.

(b) A labor organization officer or employee to report bona fide investments in or income therefrom by way of dividends or interest from employers whose securities are traded on an exchange registered as a national securities exchange under the Securities Exchange Act of 1934, or from an employer which is an investment company registered under the Investment Company Act of 1940, or from an employer which is a public utility holding company registered under the Public Utility Holding Company Act of 1935.

(c) A labor organization officer or employee to file a report with regard to any payment or benefit received from any employer whose employees such labor organization represents or is actively seeking to represent as a bona fide employee of such employer or with regard to any purchase and sale of goods or services in the regular course of business at prices generally available to any employee of that employer.

(d) A labor organization officer or employee to file a report with regard to any payment of money or other thing of value which he or his spouse or minor child received directly or indirectly from any employer or any person who acts as a labor relations consultant to an employer, if the payment is one of the kinds referred to in section 302(c) of the Labor Management Relations Act, 1947, as amended.

§ 404.6   Attorney-client communications exempted.

Nothing contained in this part shall be construed to require an attorney who is a member in good standing of the bar of any State, to include in any report required to be filed pursuant to the provisions of section 202(a) of the Act and of this part any information which was lawfully communicated to such attorney by any of his clients in the course of a legitimate attorney-client relationship.

§ 404.7   Personal responsibility of signatories of reports.

Every labor organization officer or employee required to file a report under section 202(a) of the Act and under this part shall be personally responsible for the filing of such report and for any statement contained therein which he knows to be false.

§ 404.8   Maintenance and retention of records.

Every person required to file any report under this part shall maintain records on the matters required to be reported which will provide in sufficient detail the necessary basic information and data from which the documents filed with the Bureau may be verified, explained or clarified, and checked for accuracy and completeness, and shall include vouchers, worksheets, receipts, and applicable resolutions, and shall keep such records available for examination for a period of not less than five years after the filing of the documents based on the information which they contain.

§ 404.9   Publication of reports required
    by this part.

For provisions related to this subject,
see § 2.4 of this title.

Interested persons are hereby afforded
opportunity to submit written data, views
and arguments in connection with the
proposal to the Secretary of Labor,
United States Department of Labor,
Washington 25, D.C., within 15 days
after this notice of proposed rule mak-
ing is published in the FEDERAL REGISTER.

Copies of proposed Form LM–30 and the
instructions therefor are available upon
request from the Bureau of Labor-Man-
agement Reports, United States Depart-
ment of Labor, Washington 25, D.C.

Signed at Washington, D.C., this 16th
day of October 1962.

W. WILLARD WIRTZ,
*Secretary of Labor.*

[F.R. Doc. 62–10740; Filed, Oct. 25, 1962;
    8:50 a.m.]

SPECIMEN — NOT FOR USE

U. S. Department of Labor
Bureau of Labor-Management Reports
Washington 25, D. C.

LABOR ORGANIZATION OFFICER AND EMPLOYEE REPORT, FORM LM-30
Required under Sec. 202(a) of the Labor-Management Reporting
and Disclosure Act of 1959

1.  Name and Address of Person Filing

2.  Name and Address of Labor Organization:

3.  Other Address Where Records are Available for Examination

4.  Date Fiscal Year Ended

5.  Position in Labor Organization

6.  File Number

ENTER APROPRIATE DATA BELOW IF, DURING THE PAST FISCAL YEAR, YOU OR YOUR SPOUSE OR MINOR CHILD DIRECTLY OR
INDIRECTLY HAD ANY OF THE FOLLOWING INTERESTS (EXCEPT AS SPECIFIED IN THE EXCLUSIONS SET FORTH IN THE
INSTRUCTIONS):

A.  HELD AN INTEREST IN, ENGAGED IN TRANSACTIONS (INCLUDING LOANS) WITH, OR DERIVED INCOME OR OTHER
ECONOMIC BENEFIT OF MONETARY VALUE FROM AN EMPLOYER WHOSE EMPLOYEES YOUR ORGANIZATION REPRESENTS OR IS
ACTIVELY SEEKING TO REPRESENT:

7.  Name and address of employer

8.  Nature of Interest, transaction or income

B.  HELD AN INTEREST IN OR DERIVED INCOME OR ECONOMIC BENEFIT WITH MONETARY VALUE FROM A BUSINESS (1) A
SUBSTANTIAL PART OF WHICH CONSISTS OF BUYING FROM, SALE OR LEASE TO, OR OTHERWISE DEALING WITH THE BUSINESS
OF AN EMPLOYER WHOSE EMPLOYEES YOUR LABOR ORGANIZATION REPRESENTS OR IS ACTIVELY SEEKING TO REPRESENT, OR
(2) ANY PART OF WHICH CONSISTS OF BUYING FROM OR SELLING OR LEASING DIRECTLY OR INDIRECTLY TO, OR OTHERWISE
DEALING WITH YOUR LABOR ORGANIZATION OR WITH A TRUST IN WHICH YOUR LABOR ORGANIZATION IS INTERESTED:

9.  Name and address of business

10.  Business deals with A. Labor Organization ☐  B. Trust ☐  C. Employer ☐

11.  If 10B or 10C is checked give Employer or Trust's name

12.  Nature and approximate dollar value of such dealings

13.  Nature of interest held or income received

C.  RECEIVED FROM ANY EMPLOYER (other than an employer covered under Parts A and B above) OR FROM ANY LABOR
RELATIONS CONSULTANT TO AN EMPLOYER ANY PAYMENT OF MONEY OR OTHER THING OF VALUE:

14.  Name and address of employer ☐ or consultant ☐

15.  Nature of Payment

16.  SIGNATURE AND VERIFICATION — The undersigned declares, under the applicable penalties of the law, that
all of the information in this report, including the attachments incorporated therein or referred to in this
report, has been examined by him and is, to the best of his knowledge and belief, true, correct and complete.

Signed_____ at City_____ State_____ Date_____

INSTRUCTIONS FOR PREPARING LABOR ORGANIZATION OFFICER AND EMPLOYEE REPORT (LM-30)
required under Section 202(a) of the Labor-Management Reporting and Disclosure Act
of 1959, and 29 C.F.R. _____.

Read these instructions and Form LM-30 carefully before completing any part of the
report. Lettered and numbered instructions are keyed to items on the form.

WHO MUST FILE. The Labor-Management Reporting and Disclosure Act of 1959 requires
every officer and every employee (other than an employee performing exclusively clerical
or custodial services of a labor organization to file if he, or his spouse or minor
child, directly or indirectly had certain economic interests during the past fiscal year.
To facilitate such reporting the Secretary as authorized by the Act has prescribed the
Labor Organization Employee and Officer Report (Form LM-30).

The reporting requirements of the Act and of the regulations and forms issued under
the Act are concerned only with the disclosure of interests and not whether such inter-
ests are lawful or unlawful. The fact that a particular interest is required or is not
required to be reported does not indicate that either it is or is not subject to any
legal prohibition; this must be tested by provision of law other than those prescribing
the report.

1. NAME AND ADDRESS OF PERSON FILING. Enter the full name of the reporting officer or
employee and the address at which mail will normally reach the person reporting.

2. NAME AND ADDRESS OF LABOR ORGANIZATION. Enter the full name of the labor organization
(including local number, if any) of which the person filing is officer or employee and the
mailing address of such organization.

3. OTHER ADDRESS WHERE RECORDS ARE AVAILABLE FOR EXAMINATION. Enter any other address
at which records necessary to verify this report will be available for examination.

4. DATE FISCAL YEAR ENDED. Enter the last date of the fiscal year of the person filing
which is covered by this report. This will normally be the same date as the end of the
year for which the person filing reports his Federal income tax. Usually it is the
calendar year ending December 31.

5. POSITION IN LABOR ORGANIZATION. Enter the title of the office or the position in
which employed in the labor organization.

6. FILE NUMBER. A file number will be assigned by BLMR on the filing of the initial
report and included in the acknowledgment. Enter this number on all subsequent reports.

<u>REPORTABLE INTERESTS</u>

The union officer or employee must report only if he was directly or indirectly involved
during his past fiscal year in an interest, transaction or receipt of income, payment or
other economic benefit with monetary value covered by the form, except that no one need
report any sporadic or occasional gift, gratuities, or loans of insubstantial value,
given under circumstances or terms unrelated to the recipient's status in a labor organ-
ization, or anything excluded in the specific instructions to parts A, B, or C, below.
If more than one employer, business, or labor consultant is involved in the answers to
the same A, B, or C, of the report, separate reports must be submitted for each
employer, business or labor consultant involved in the same lettered section of the report.
If the interest, transaction, income, or benefit involves your spouse or minor child
rather than yourself, state the name and relationship of the person so involved.

PART A excludes, and no entry need be made under items 7 or 8 with respect to; (i) HOLD-
INGS OF, TRANSACTIONS IN, OR INCOME FROM bona fide investments in securities traded on
a securities exchange registered as a national securities exchange under the Securities
Exchange Act of 1934, in shares in an investment company registered under the Investment
Company Act of 1940, or in securities of a public utility holding company registered under

-2-

the Public Utility Holding Company Act of 1935.

(ii)  HOLDINGS OF, TRANSACTIONS IN, OR INCOME FROM, securities not listed or registered as described under the exclusion above, provided any such holding, or transaction, or receipt of income is of insubstantial value or amount and occurs under terms unrelated to your status in a labor organization.  For purposes of this exclusion, holdings or transactions involving $1,000.00 or less or receipt of income of $100.00 or less in any one security shall be considered insubstantial.

(iii)  TRANSACTIONS involving purchases and sales of goods and services in the regular course of business at prices generally available to any employee of the employer.  This does not apply to transactions involving stocks, bonds, securities or loans, for example.

(iv)  PAYMENTS AND BENEFITS received as a bona fide employee of the employer for past or present services, including wages, payments or benefits received under a bona fide health, welfare, pension, vacation, training or other benefit plan; and payments for periods in which such employee engaged in activities other than productive work, if the payments for such period of time are: (a) required by law or a bona fide collective bargaining agreement, or (b) made pursuant to a custom or practice under such a collective bargaining agreement, or (c) made pursuant to a policy, custom, or practice with respect to employment in the establishment which the employer has adopted without regard to any holding by such employee of a position with a labor organization.

7.  NAME AND ADDRESS OF EMPLOYER.  Enter the name and address of the employer with whom the interest, transaction, or economic benefit was connected.

8.  NATURE OF INTEREST HELD, TRANSACTION OR INCOME.  Enter full information as to the nature and amount of each interest, transaction, or item of income or other economic benefit which is not excluded from reporting.  Details required are given below.

(a)  INTERESTS HELD AND TRANSACTIONS - in stock, bonds, securities, or other equitable or legal interests.  For each interest held, identify the nature of the interest held (e.g., common stock, preferred stock, bonds, options, etc.) and give the total number of shares or other units held during the fiscal year.  If the interest was acquired during the fiscal year or if this is your first report, give approximate date or dates of acquisition, total cost to you, and manner of acquisition (e.g., employee stock purchase plan, purchase on market, gift, etc.).  If the interest was disposed of during the fiscal year, give approximate date, total amount received by you and manner of disposition (e.g., sale on market, gift, exchange, etc.).

(b)  OTHER TRANSACTIONS - involving (1) any loan to or from the employer; (2) any business transaction or arrangement (e.g., purchases and sales of goods and services not excluded under (iii) above; rentals, credit arrangements, franchises, or contracts, etc.).  For each transaction, identify the nature of the transaction and the property involved (e.g., loan of money from employer, rental of loft building, located at X street, Y city, Z state, to employer, etc.) and state:

    1)  the total dollar amount paid or received by you during the fiscal year
            (e.g., amount of loan, rent, sale, etc.);
    2)  the dollar value of remaining obligations, if any as of the end of the
            fiscal year (e.g., unpaid balance of loan, rentals due under the
            lease, amount due under contract, etc.);
    3)  the date transaction was entered into and the date it was terminated, if any;
    4)  the terms and conditions of the transaction (e.g., unsecured loan under
            employer loan plan payable over one year, discount purchases of goods, sale
            and lease back for one year, etc.);
    5)  names and addresses of intermediate parties involved in indirect transactions
            (e.g., loans made to you in the name of another, etc.).

(c)  INCOME OR PAYMENT or other benefit with monetary value (including reimbursed expenses).  For each item identify the nature of the income or benefit (e.g., continuing use of automobile for personal purposes, gift of refrigerator, payment for services not excluded above, etc.).  State the amount or value of the income or benefit and the date it was derived.

— 3 —

PART B excludes, and no entry need be made in items 9-13 with respect to the exclusions of i and ii under Part A above.

9.  NAME AND ADDRESS OF BUSINESS.  Enter the name and address of the business with whom the interest, transaction or economic benefit was connected.

10. and 11.  WHO BUSINESS DEALS WITH.  Check in the appropriate box the type of organization with which the business referred to in Part B dealt in the transaction reported and if 10 B and C is checked, enter the full name of each employer or trust.

12.  NATURE AND VALUE OF DEALINGS.  Enter the nature and approximate dollar value during the fiscal year covered by the report of the dealings between the business and the organization indicated in items 10 and 11 if this information is ascertainable by you.

13.  NATURE OF INTEREST HELD OR INCOME RECEIVED.  Enter full information as to the nature and amount of each interest held or income or economic benefit covered by Part B including the applicable information set forth in the instructions to item 8 (a) and (o) above.

PART C excludes and no entry need be made under items 14 and 15 with respect to:

(i)   Payments of the kind referred to in Section 302(o) of the LMRA, 1947, as amended.  For text of Section 302(c), see page 5 of the instructions.
(ii)  Bona fide loans, interest or dividends from national or state banks, credit unions, savings or loan associations, insurance companies, or other bona fide credit institutions.
(iii) Interest on bonds or dividends on stock, provided such interest or dividends are received, and such bonds or stock have been acquired, under circumstances and terms unrelated to the recipient's status in a labor organization and the issuer of such securities is not an enterprise in competition with the employer whose employees your labor organization represents or actively seeks to represent.

Regardless of the exclusions above, information that must be reported under Part C includes payments (from any employer not covered by Parts A or B or from any labor relations consultant to an employer) not to organize employees; to influence employees in any way with respect to their rights to organize; to take any action with respect to the status of employees or others as members of a labor organization;  to take any action with respect to bargaining or dealing with employers whose employees your organization represents or seeks to represent.

14.  Enter the name and address of the employer or labor consultant from whom the payment in Part C was received and place an X in the appropriate box to indicate whether the person or firm named is an employer or labor consultant.

15.  For each payment under Part C not excluded above, identify the nature of the income or benefit (e.g., continuing use of automobile for personal purposes, gift of refrigerator, payment for services not excluded above, etc.).  State the amount or value of the income or benefit and the date it was derived.

16.  SIGNATURE AND VERIFICATION.  The person filing will sign the report, enter the city and state where signed and the date of signature.  Under Section 209(d) of the Act, each individual required to sign a report is personally responsible for the filing of the report and for any statement contained therein which he knows to be false.

WHEN TO FILE.  The report must be submitted on Form LM-30 within 90 days after the close of the fiscal year of the person filing.  If, however, the person filing was subject to the Act only for a portion of his fiscal year (because he was a union officer or employed for only a portion of the fiscal year) he may limit his report to that portion of his fiscal year.

WHERE TO FILE REPORTS AND COPIES.  An original and a copy of the completed report, together with an original copy of all attachments, must be filed with the Bureau of Labor-Management Reports, U. S. Department of Labor, Washington 25, D. C.

– 4 –

LEGIBILITY. The forms should be filled in on a typewriter or printed in ink.

INSUFFICIENT SPACE. Where additional space is needed to answer any item on the form, indicate in the space provided for the item that additional information is given on an attached sheet. Be sure that the attached sheet identifies the item and part to which the attachment applies and that the name and address of the reporting person are clearly shown on the top of each attached sheet.

RETENTION OF RECORDS. The law provides that every person required to file this report shall maintain records on the matters required to be reported which will provide in sufficient detail the necessary basic information and data from which the documents filed with the Secretary of Labor may be verified, explained or clarified, and checked for accuracy and completeness, and shall include vouchers, worksheets, receipts, and applicable resolutions, and shall keep such records available for examination for a period of not less than five years after the filing of the documents based on the information which they contain.

PENALTIES. The law provides penalties for a willful failure to file a required report and for making any false statement or representations of a material fact knowing it to be false, or for knowingly failing to disclose a material fact in this report or in the information required to be contained in it or any document required to be submitted with it. Penalties are also provided for willfully making any false entry in or concealing, withholding, or destroying any books, records, reports or statements required to be kept.

SPECIAL REPORTS. In addition to this report, the Secretary may require from officers and employees of labor organizations subject to the Act the submission of special reports on pertinent information including but not necessarily limited to reports on the matters referred to under exclusions ii and iv of Part A and ii and iii of Part C.

Selected Definitions and Related Provisions of the Labor-Management
Reporting and Disclosure Act of 1959

"Section 3.

(c) "Industry affecting commerce" means any activity, business, or industry in commerce or in which a labor dispute would hinder or obstruct commerce or the free flow of commerce and includes any activity or industry "affecting commerce" within the meaning of the Labor Management Relations Act, 1947, as amended, or the Railway Labor Act, as amended.

(d) "Person" includes one or more individuals, labor organizations partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in bankruptcy, or receivers.

(e) "Employer" means any employer or any group or association of employers engaged in an industry affecting commerce (1) which is, with respect to employees engaged in an industry affecting commerce, an employer within the meaning of any law of the United States relating to the employment of any employees or (2) which may deal with any labor organization concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work, and includes any person acting directly or indirectly as an employer or as an agent of an employer in relation to an employee but does not include the United States or any corporation wholly owned by the Government of the United States or any State or political subdivision thereof.

(f) "Employee" means any individual employed by an employer, and includes any individual whose work has ceased as a consequence of, or in connection with any current labor dispute or because of any unfair labor practice or because of exclusion or expulsion from a labor organization in any manner or for any reason inconsistent with the requirements of this Act.

(i) "Labor organization" means a labor organization engaged in an industry affecting commerce and includes any organization of any kind, any agency, or employee representation committee, group, association or plan so engaged in which employees participate and which

- 5 -

exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment, and any conference, general committee, joint committee, joint or system board, or joint council so engaged which is subordinate to a national or international labor organization, other than a State or local central body.

(1) "Trust in which a labor organization is interested" means a trust or other fund or organization (1) which was created or established by a labor organization, or one or more of the trustees or one or more members of the governing body of which is selected or appointed by a labor organization, and (2) a primary purpose of which is to provide benefits for the members of such labor organization or their beneficiaries.

(m) "Labor relations consultant" means any person who, for compensation, advises or represents an employer, employer organization, or labor organization concerning employee organizing, concerted activities or collective bargaining activities.

(n) "Officer" means any constitutional officer, any person authorized to perform the functions of president, vice president, secretary, treasurer, or other executive functions of a labor organization, and any member of its executive board or similar governing body.

Labor-Management Relations Act, 1947, as Amended

"Section 302

"(c) The provisions of this section shall not be applicable (1) in respect to any money or other thing of value payable by an employer to any of his employees whose established duties include acting openly for such employer in matters of labor relations or personnel administration or to any representative of his employees, or to any officer or employee of a labor organization, who is also an employee or former of such employer, as compensation for, or by reason of, his service as an employee of such employer; (2) with respect to the payment or delivery of any money or other thing of value in satisfaction of a judgment of any court or a decision or award of an arbitrator or impartial chairman or in compromise, adjustment, settlement, or release of any claim, complaint, grievance, or dispute in the absence of fraud or duress; (3) with respect to the sale or purchase of an article or commodity at the prevailing market price in the regular course of business; (4) with respect to money deducted from the wages of employees in payment of membership dues in a labor organization: Provided, That the employer has received from each employee, on whose account such deductions are made, a written assignment which shall not be irrevocable for a period of more than one year, or beyond the termination date of the applicable collective agreement, whichever occurs sooner; (5) with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents (or of such employees, families, and dependents jointly with the employees of other employers making similar payments, and their families and dependents): Provided, That (A) such payments are held in trust for the purpose of paying, either from principal or income or both, for the benefit of employees, their families and dependents, for medical or hospital care, pensions on retirement or death of employees, compensation for injuries or illness resulting from occupational activity or insurance to provide any of the foregoing, or unemployment benefits or life insurance, disability and sickness insurance, or accident insurance; (B) the detailed basis on which such payments are to be made is specified in a written agreement with the employer, and employees and employers are equally represented in the administration of such funds, together with such neutral persons as the representatives of the employers and the representatives of employees may agree upon and in the event the employer and employee groups deadlock on the administration of such fund and there are no neutral persons empowered to break such deadlock, such agreement provides that the two groups shall agree on an impartial umpire to decide such dispute, or in event of their failure to agree within a reasonable length of time, an impartial umpire to decide such dispute shall, on petition of either group, be appointed by the district court of the United States for the district where the trust fund has its principal office, and shall also contain provisions for an annual audit of the trust fund, a statement of the results of which shall be available for inspection by interested persons at the principal office of the trust fund and at such other places as may be designated in such written agreement; and (C) such payments as are intended to be used for the purpose of providing pensions or annuities for employees are made to a separate trust which provides that

– 6 –

the funds held therein cannot be used for any purpose other than paying such pensions or annuities; or (6) with respect to money or other thing of value paid by an employer to a trust fund established by such representative for the purpose of pooled vacation, holiday, severance or similar benefits, or defraying costs of apprenticeship or other training programs; Provided, That the requirements of clause (B) of the proviso to clause (5) of this subsection shall apply to such trust funds."

14384

RULES AND REGULATIONS

## PART 404—LABOR ORGANIZATION OFFICERS AND EMPLOYEES REPORT

Sec.
404.1  Definitions.
404.2  Annual report.
404.3  Form of annual report.
404.4  Special report.
404.5  Attorney-client communications exempted.
404.6  Personal responsibility of signatories of reports.
404.7  Maintenance and retention of records.
404.8  Publication of reports required by this part.

AUTHORITY: §§ 404.1 to 404.8 issued under secs. 202, 208, 73 Stat. 525, 529; 29 U.S.C. 432, 438; Secretary's Order No. 24–63 (28 F.R. 9172), and Secretary's Order No. 25–63 (28 F.R. 9173).

### § 404.1  Definitions.

As used in this part the term:

(a) (1) "Fiscal year" means the calendar year or other period of 12 consecutive calendar months, on the basis of which financial accounts of the labor organization officer or employee are kept. Where a labor organization officer or employee designates a new fiscal year period prior to the expiration of a previously established fiscal year period, the resultant period of less than 12 consecutive calendar months, and thereafter the newly established fiscal year, shall in that order constitute the fiscal year for purposes of the reports required to be filed by section 202(a) of the Act and the regulations in this part.

(2) A labor organization officer or employee who is subject to section 202(a) of the Act for only a portion of his fiscal year because the labor organization officer or employee first becomes subject to the Act during such fiscal year, may consider such portion as the entire fiscal year in making this report under this part.

(b) "Labor organization officer" means any constitutional officer, any person authorized to perform the functions of president, vice president, secretary, treasurer, or other executive functions of a labor organization, and any member of its executive board or similar governing body.

(c) "Labor organization employee" means any individual (other than an individual performing exclusively custodial or clerical services) employed by a labor organization.

(d) "Employer" means any employer or any group or association of employers engaged in an industry affecting commerce (1) which is, with respect to employees engaged in an industry affecting commerce, an employer within the meaning of any law of the United States relating to the employment of any employees or (2) which may deal with any labor organization concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work, and includes any person acting directly or indirectly as an employer or as an agent of an employer in relation to an employee but does not include the United States or any corporation wholly owned by the Government of the United States or any State or political subdivision thereof.

### § 404.2  Annual report.

Every labor organization officer and employee who in any fiscal year has been involved in transactions of the type described in section 202(a) of the Act, or who holds or has held any interest in an employer or a business of the type referred to therein, or who has received any payments of the type referred to in that section, or who holds or has held an interest in or derived income or economic benefit with monetary value from a business any part of which consists of dealing with a trust in which his labor organization is interested, or whose spouse or minor child has been involved in such transactions, holds or has held any such interests, or has received such payments, is required to file with the Director, Office of Labor-Management and Welfare-Pension Reports, United States Department of Labor, Washington, D.C., 20210, within 90 days after the end of his fiscal year, a signed report containing the detailed information required therein by section 202(a) of the Act, and found by the Labor-Management Services Administrator under section 208 thereof to be necessary in such report.

### § 404.3  Form of annual report.

On and after the effective date of this section, every labor organization officer and employee required to file an annual report under § 404.2 shall file such report on United States Department of Labor Form LM–30 entitled "Labor Organization Officer and Employee Report," together with a true copy thereof, in the detail required by the instructions accompanying such form and constituting a part thereof.

### § 404.4  Special report.

In addition to the report on Form LM–30, the Director, Office of Labor-Management and Welfare-Pension Reports, may require from union officers and employees subject to the Act the submission of special reports of pertinent information including, but not necessarily confined to, reports with respect to matters referred to in items (ii) and (iv) of the Instructions relating to Part A of the form and items (ii) and (iii) of the Instructions relating to Part C of the form.

### § 404.5  Attorney-client communications exempted.

Nothing contained in this part shall be construed to require an attorney who is a member in good standing of the bar of any State, to include in any report required to be filed pursuant to the provisions of section 202(a) of the Act and of this part any information which was lawfully communicated to such attorney by any of his clients in the course of a legitimate attorney-client relationship.

### § 404.6  Personal responsibility of signatories of reports.

Every labor organization officer or employee required to file a report under section 202(a) of the Act and under this part shall be personally responsible for the filing of such report and for any statement contained therein which he knows to be false.

### § 404.7  Maintenance and retention of records.

Every person required to file any report under this part shall maintain records on the matters required to be reported which will provide in sufficient detail the necessary basic information and data from which the documents filed with the Office of Labor-Management and Welfare-Pension Reports may be verified, explained or clarified, and checked for accuracy and completeness, and shall include vouchers, worksheets, receipts, and applicable resolutions, and shall keep such records available for examination for a period of not less than five years after the filing of the documents based on the information which they contain.

### § 404.8  Publication of reports required by this part.

Inspection and examination of any report or other document filed as required by this part, and the furnishing by the Office of Labor-Management and Welfare-Pension Reports of copies thereof to any person requesting them, shall be governed by § 2.4 of this title.

## PART 405—EMPLOYER REPORTS

Sec.
405.1  Definitions.
405.2  Annual report.
405.3  Form of annual report.
405.4  Terminal report.
405.5  Special reports.
405.6  Exceptions from the filing requirements of § 405.2.
405.7  Relation of section 8(c) of the National Labor Relations Act, as amended, to the reporting requirements of § 405.2.
405.8  Personal responsibility of signatories of reports.
405.9  Maintenance and retention of records.
405.10  Publication of reports required by this part.

AUTHORITY: §§ 405.1 to 405.10 issued under secs. 203, 208, 73 Stat. 526, 529; 29 U.S.C. 433, 438; Secretary's Order No. 24–63 (28 F.R. 9172) and Secretary's Order No. 25–63 (28 F.R. 9173).

### § 405.1  Definitions.

As used in this part the term:

(a) (1) "Fiscal year" means the calendar year or other period of 12 consecutive calendar months, on the basis of which financial accounts are kept by an employer. Where an employer designates a new fiscal year period prior to the expiration of a previously established fiscal year period, the resultant period of less than 12 consecutive calendar months, and thereafter the newly established fiscal year, shall in that order constitute the fiscal year for purposes of the reports required to be filed by section 203(a) of the Act and of the regulations in this part.

(2) An employer who is subject to section 203(a) of the Act for only a portion of his fiscal year because the date of enactment of the Act (September 14, 1959) occurred during such fiscal year or because the employer otherwise first becomes subject to the Act during such fiscal year, may consider such portion as

# LABOR ORGANIZATION OFFICER and EMPLOYEE REPORT

U.S. DEPARTMENT OF LABOR
OFFICE OF LABOR-MANAGEMENT AND
WELFARE PENSION REPORTS
WASHINGTON, D.C. 20210
AUGUST 1963

Form LM–30

Form approved—Bureau of the Budget
No. 44-R1217

| 1. NAME AND ADDRESS OF PERSON FILING | 2. NAME AND ADDRESS OF LABOR ORGANIZATION |
|---|---|
| | |

| 3. POSITION IN LABOR ORGANIZATION | 4. DATE FISCAL YEAR ENDED | 5. FILE NUMBER *(If assigned)* |
|---|---|---|

**ENTER APPROPRIATE DATA BELOW IF, DURING THE PAST FISCAL YEAR, YOU OR YOUR SPOUSE OR MINOR CHILD DIRECTLY OR INDIRECTLY HAD ANY OF THE FOLLOWING INTERESTS (EXCEPT AS SPECIFIED IN THE EXCLUSIONS SET FORTH IN THE INSTRUCTIONS):**

A. Held an interest in, engaged in transactions (including loans) with, or derived income or other economic benefit of monetary value *from an employer whose employees your organization represents* or is actively seeking to represent

| 6. NAME OF EMPLOYER | ADDRESS OF EMPLOYER |
|---|---|

7. NATURE OF INTEREST, TRANSACTION OR INCOME

B. Held an interest in or derived income or economic benefit with monetary value *from a business* (1) a substantial part of which consists of buying from, selling or leasing to, or otherwise dealing with the business of an employer whose employees your labor organization represents or is actively seeking to represent, or (2) any part of which consists of buying from or selling or leasing directly or indirectly to, or otherwise dealing with your labor organization or with a trust in which your labor organization is interested

| 8. NAME OF BUSINESS | ADDRESS OF BUSINESS |
|---|---|

| 9. BUSINESS DEALS WITH— | A. LABOR ORGANIZATION ☐ | B. TRUST ☐ | C. EMPLOYER ☐ | 10. IF 9B OR 9C IS CHECKED GIVE TRUST OR EMPLOYER'S NAME |
|---|---|---|---|---|

11. NATURE AND APPROXIMATE DOLLAR VALUE OF SUCH DEALINGS

12. NATURE OF INTEREST HELD OR INCOME RECEIVED

C. *Received from any employer* (other than an employer covered under parts A and B above) or from any labor relations consultant to an employer any payment of money or other thing of value

| 13. NAME AND ADDRESS OF EMPLOYER ☐ OR CONSULTANT ☐ | 14. NATURE OF PAYMENT |
|---|---|

## IF MORE SPACE IS NEEDED ATTACH ADDITIONAL SHEETS

15. **SIGNATURE AND VERIFICATION**—The undersigned declares, under the applicable penalties of the law, that all of the information in this report, including the attachments incorporated therein or referred to in this report, has been examined by him and is, to the best of his knowledge and belief, true, correct and complete.

SIGNED: ———————————————— at ———————————— on ————————

# Selected Definitions and Related Provisions of the Labor-Management Reporting and Disclosure Act of 1959

SECTION 3.

(c) "Industry affecting commerce" means any activity, business, or industry in commerce or in which a labor dispute would hinder or obstruct commerce or the free flow of commerce and includes any activity or industry "affecting commerce" within the meaning of the Labor-Management Relations Act, 1947, as amended, or the Railway Labor Act, as amended.

(d) "Person" includes one or more individuals, labor organizations, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in bankruptcy, or receivers.

(e) "Employer" means any employer or any group or association of employers engaged in an industry affecting commerce (1) which is, with respect to employees engaged in an industry affecting commerce, an employer within the meaning of any law of the United States relating to the employment of any employees or (2) which may deal with any labor organization concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work, and includes any person acting directly or indirectly as an employer or as an agent of an employer in relation to an employee but does not include the United States or any corporation wholly owned by the Government of the United States or any State or political subdivision thereof.

(f) "Employee" means any individual employed by an employer, and includes any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice or because of exclusion or expulsion from a labor organization in any manner or for any reason inconsistent with the requirements of this Act.

(i) "Labor organization" means a labor organization engaged in an industry affecting commerce and includes any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment, and any conference, general committee, joint or system board, or joint council so engaged which is subordinate to a national or international labor organization, other than a State or local central body.

(l) "Trust in which a labor organization is interested" means a trust or other fund or organization (1) which was created or established by a labor organization, or one or more of the trustees or one or more members of the governing body of which is selected or appointed by a labor organization, and (2) a primary purpose of which is to provide benefits for the members of such labor organization or their beneficiaries.

(m) "Labor relations consultant" means any person who, for compensation, advises or represents an employer, employer organization, or labor organization concerning employee organizing, concerted activities, or collective bargaining activities.

(n) "Officer" means any constitutional officer, any person authorized to perform the functions of president, vice president, secretary, treasurer, or other executive functions of a labor organization, and any member of its executive board or similar governing body.

## Labor-Management Relations Act, 1947 as Amended

SECTION 302

"(c) The provisions of this section shall not be applicable (1) in respect to any money or other thing of value payable by an employer to any of his employees whose established duties include acting openly for such employer in matters of labor relations or personnel administration or to any representative of his employees, or to any officer or employee of a labor organization, who is also an employee or former employee of such employer, as compensation for, or by reason of, his service as an employee of such employer; (2) with respect to the payment or delivery of any money or other thing of value in satisfaction of a judgment of any court or a decision or award of an arbitrator or impartial chairman or in compromise, adjustment, settlement, or release of any claim, complaint, grievance, or dispute in the absence of fraud or duress; (3) with respect to the sale or purchase of an article or commodity at the prevailing market price in the regular course of business; (4) with respect to money deducted from the wages of employees in payment of membership dues in a labor organization: *Provided,* That the employer has received from each employee, on whose account such deductions are made, a written assignment which shall not be irrevocable for a period of more than one year, or beyond the termination date of the applicable collective agreement, whichever occurs sooner;

(5) with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents (or of such employees, families, and dependents jointly with the employees of other employers making similar payments, and their families and dependents) : *Provided,* That (A) such payments are held in trust for the purpose of paying, either from principal or income or both, for the benefit of employees, their families and dependents, for medical or hospital care, pensions on retirement or death of employees, compensation for injuries or illness resulting from occupational activity or insurance to provide any of the foregoing, or unemployment benefits or life insurance, disability and sickness insurance, or accident insurance; (B) the detailed basis on which such payments are to be made is specified in a written agreement with the employer, and employees and employers are equally represented in the administration of such fund, together with such neutral persons as the representatives of the employers and the representatives of employees may agree upon and in the event the employer and employee groups deadlock on the administration of such fund and there are no neutral persons empowered to break such deadlock, such agreement provides that the two groups shall agree on an impartial umpire to decide such dispute, or in event of their failure to agree within a reasonable length of time, an impartial umpire to decide such dispute shall, on petition of either group, be appointed by the district court of the United States for the district where the trust fund has its principal office, and shall also contain provisions for an annual audit of the trust fund, a statement of the results of which shall be available for inspection by interested persons at the principal office of the trust fund and at such other places as may be designated in such written agreement; and (C) such payments are intended to be used for the purpose of providing pensions or annuities for employees are made to a separate trust which provides that the funds held therein cannot be used for any purpose other than paying such pensions or annuities; or (6) with respect to money or other thing of value paid by an employer to a trust fund established by such representative for the purpose of pooled vacation, holiday, severance or similar benefits, or defraying costs of apprenticeship or other training programs: *Provided,* That the requirements of clause (B) of the proviso to clause (5) of this subsection shall apply to such trust funds."

U.S. DEPARTMENT OF LABOR

OFFICE OF LABOR-MANAGEMENT AND WELFARE-PENSION REPORTS

# INSTRUCTIONS FOR PREPARING THE LABOR ORGANIZATION
## OFFICER AND EMPLOYEE REPORT (Form LM-30)

Required of Officers and Employees of Labor Organizations Under Section 202 of the Labor-Management Reporting and Disclosure Act of 1959 and 29 CFR 404

**WHO MUST FILE**—The Labor-Management Reporting and Disclosure Act of 1959 requires every officer and every employee (other than an employee performing exclusively clerical or custodial services) of a labor organization to file if he, or his spouse or minor child, directly or indirectly had certain economic interests during the past fiscal year. To facilitate such reporting the Labor-Management Services Administrator as authorized by the Act has prescribed the Labor Organization Officer and Employee Report (Form LM-30).

The reporting requirements of the Act and of the regulations and forms issued under the Act are concerned only with the disclosure of interests and not whether such interests are lawful or unlawful. The fact that a particular interest is required or is not required to be reported does not indicate that either it is or is not subject to any legal prohibition; this must be tested by provision of law other than those prescribing the report.

**WHEN TO FILE**—The report must be submitted on Form LM-30 within 90 days after the close of the fiscal year of the person filing. If, however, the person filing was subject to the Act only for a portion of his fiscal year (because he was a union officer or employed for only a portion of the fiscal year) he may limit his report to that portion of his fiscal year.

**WHERE TO FILE REPORTS AND COPIES**—An original and a copy of the completed report, together with an original and copy of all attachments, must be filed with the Office of Labor-Management and Welfare-Pension Reports, U.S. Department of Labor, Washington, D.C. 20210.

**PREPARING THIS FORM:**

Read these instructions and Form LM-30 carefully before completing any part of the report. Lettered and numbered instructions are keyed to items on the form.

(A) LEGIBILITY. The forms should be filled in on a typewriter or printed in ink.

(B) INSUFFICIENT SPACE. Where additional space is needed to answer any item on the form, indicate in the space provided for the item that additional information is given on an attached sheet. Be sure that the attached sheet identifies the item and part to which the attachment applies and that the name and address of the reporting person are clearly shown on the top of each attached sheet.

(C) RETENTION OF RECORDS. The law provides that every person required to file this report shall maintain records on the matters required to be reported which will provide in sufficient detail the necessary basic information and data from which the documents filed with the Office of Labor-Management and Welfare-Pension Reports may be verified, explained or clarified, and checked for accuracy and completeness, and shall include vouchers, worksheets, receipts, and applicable resolutions, and shall keep such records available for examination for a period of not less than 5 years after the filing of the documents based on the information which they contain.

(D) PENALTIES. The law provides penalties for a willful failure to file a required report and for making any false statement or representations of a material fact knowing it to be false, or for knowingly failing to disclose a

material fact in this report or in the information required to be contained in it or any document required to be submitted with it. Penalties are also provided for willfully making any false entry in or concealing, withholding, or destroying any books, records, reports or statements required to be kept.

(E) SPECIAL REPORTS. In addition to this report, the Director, Office of Labor-Management and Welfare-Pension Reports may require from officers and employees of labor organizations subject to the Act the submission of special reports on pertinent information including but not necessarily limited to reports on the matters referred to under exclusions ii and iv of Part A and ii and iii of part C.

Item 1. NAME AND ADDRESS OF PERSON FILING. Enter the full name of the reporting officer or employee and the address at which mail will normally reach the person reporting.

Item 2. NAME AND ADDRESS OF LABOR ORGANIZATION. Enter the full name of the labor organization (including local number, if any) of which the person filing is officer or employee and the mailing address of such organization.

Item 3. POSITION IN LABOR ORGANIZATION. Enter the title of the officer or the position in which employed in the labor organization.

Item 4. DATE FISCAL YEAR ENDED. Enter the last date of the fiscal year of the person filing which is covered by this report. This will normally be the same date as the end of the year for which the person filing reports his Federal income tax. Usually it is the calendar year ending December 31.

Item 5. FILE NUMBER. A file number will be assigned by OLMWPR on the filing of the initial report and included in the acknowledgment letter. Enter this number on all subsequent reports.

**REPORTABLE INTERESTS**

The union officer or employee must report only if he, directly or indirectly, held during his past fiscal year an interest, was involved in a transaction or received income, payment or other economic benefit with monetary value covered by the Act, except that no one need report any sporadic or occasional gift, gratuities, or loans of insubstantial value, given under circumstances or terms unrelated to the recipient's status in a labor organization, or anything excluded in the specific instructions to part A, B, or C, below. If more than one employer, business, trust in which your labor organization is interested, or labor relations consultant is involved in the answers to the same part A, B, or C, of the report, separate reports must be submitted for each employer, business, trust in which your labor organization is interested, or labor relations consultant involved in the same lettered part of the report. If the interest, transaction, income, or benefit involves your spouse or minor child rather than yourself, state the name and relationship of the person so involved.

PART A excludes, and no entry need be made under item 6 or 7 with respect to:

(i) HOLDINGS OF, TRANSACTIONS IN, OR INCOME FROM, bona fide invest-

ments in securities traded on a securities exchange registered as a national securities exchange under the Securities Exchange Act of 1934, in shares in an investment company registered under the Investment Company Act of 1940, or in securities of a public utility holding company registered under the Public Utility Holding Company Act of 1935.

(ii) HOLDINGS OF, TRANSACTIONS IN, OR INCOME FROM, securities not listed or registered as described under the exclusion above, provided any such holding, or transaction, or receipt of income is of insubstantial value or amount and occurs under terms unrelated to your status in a labor organization. For purposes of this exclusion, holdings or transactions involving $1,000 or less and receipt of income of $100 or less in any one security shall be considered insubstantial.

(iii) TRANSACTIONS involving purchases and sales of goods and services in the regular course of business at prices generally available to any employee of the employer. This does not apply to transactions involving stocks, bonds, securities or loans, for example.

(iv) PAYMENTS AND BENEFITS received as a bona fide employee of the employer for past or present services, including wages, payments or benefits received under a bona fide health, welfare, pension, vacation, training or other benefit plan; and payments for periods in which such employee engaged in activities other than productive work, if the payments for such period of time are: (a) required by law or a bona fide collective bargaining agreement, or (b) made pursuant to a custom or practice under such a collective bargaining agreement, or (c) made pursuant to a policy, custom, or practice with respect to employment in the establishment which the employer has adopted without regard to any holding by such employee of a position with a labor organization.

Item 6. NAME AND ADDRESS OF EMPLOYER. Enter the name and address of the employer with whom the interest, transaction, or economic benefit was connected.

Item 7. NATURE OF INTEREST HELD, TRANSACTION OR INCOME. Enter full information as to the nature and amount of each interest, transaction, or item of income or other economic benefit which is not excluded from reporting. Details required are given below.

(a) INTERESTS HELD AND TRANSACTIONS—in stock, bonds, securities, or other equitable or legal interests. For each interest held, identify the nature of the interest held (e.g., common stock, preferred stock, bonds, options, etc.) and give the total number of shares or other units held during the fiscal year. If the interest was acquired during the fiscal year or if this is your first report, give approximate date or dates of acquisition, total cost to you, and manner of acquisition (e.g., employee stock purchase plan, purchase on market, gift, etc.). If the interest was disposed of during the fiscal year, give approximate date, total amount received by you and manner of disposition (e.g., sale on market, gift, exchange, etc.). In each case, identify the other party or parties to the transaction.

(b) OTHER TRANSACTIONS—involving (1) any loan to or from the employer; (2) any business transaction or arrangement (e.g., purchases and sales of goods and services not excluded under (iii) above; rentals, credit arrangements, franchises, or contracts, etc.). For each transaction, identify the nature of the transaction and the property involved (e.g., loan of money from employer, rental of loft building, located at X street, Y city, Z state, to employer, etc.) and state:

(1) the total dollar amount paid or received by you during the fiscal year (e.g., amount of loan, rent, sale, etc.);

(2) the dollar value of remaining obligation, if any as of the end of the fiscal year (e.g., unpaid balance of loan, rentals due under the lease, amount due under contract, etc.);

(3) the date transaction was entered into and the date it was terminated, if any;

(4) the terms and conditions of the transaction (e.g., unsecured loan under employer loan plan payable over 1 year, discount purchases of goods, sale and lease back for 1 year, etc.);

(5) names and addresses of intermediate parties involved in indirect transactions (e.g., loans made to you in the name of another, etc.).

(c) INCOME OR PAYMENT or other benefit with monetary value (including reimbursed expenses). For each item identify the nature of the income or benefit (e.g., continuing use of automobile for personal purposes, gift of refrigerator, payment for services not excluded above, etc.). State the amount or value of the income or benefit and the date it was derived.

PART B excludes, and no entry need be made in items 8–12 with respect to the exclusions of i and ii under part A above.

Item 8. NAME AND ADDRESS OF BUSINESS. Enter the name and address of the business with whom the interest, transaction or economic benefit was connected.

Items 9 and 10. WITH WHOM THE BUSINESS DEALS. Check in the appropriate box the type of organization with which the business referred to in part B dealt in the transaction reported and if 9 B or C is checked, enter the full name of each employer or trust in item 10.

Item 11. NATURE AND VALUE OF DEALINGS. Enter the nature and approximate dollar value during the fiscal year covered by the report of the dealings between the business and the organization indicated in items 9 and 10 if this information is ascertainable by you.

Item 12. NATURE OF INTEREST HELD OR INCOME RECEIVED. Enter full information as to the nature and amount of each interest held or income or economic benefit covered by part B including the applicable information set forth in the instruction to item 7 (a) and (c) above.

PART C excludes and no entry need be made under items 13 and 14 with respect to:
(i) Payments of the kind referred to in section 302(c) of the LMRA, 1947, as amended. For text of section 302 (c), see reverse of the form.

(ii) Bona fide loans, interest or dividends from national or state banks, credit unions, savings or loan associations, insurance companies, or other bona fide credit institutions. (iii) Interest on bonds or dividends on stock provided such interest or dividends are received, and such bonds or stock have been acquired, under circumstances and terms unrelated to the recipient's status in a labor orga-

nization and the issuer of such securities is not an enterprise in competition with the employer whose employees your labor organization represents or actively seeks to represent.

Regardless of the exclusions above, information that must be reported under part C includes payments (from any employer not covered by parts A or B or from any labor relations consultant to an employer) not to organize employees; to influence employees in any way with respect to their rights to organize; to take any action with respect to the status of employees or others as members of a labor organization; to take any action with respect to bargaining or dealing with employers whose employees your organization represents or seeks to represent.

Item 13. NAME AND ADDRESS OF EMPLOYER OR CONSULTANT. Enter the name and address of the employer or labor relations consultant from whom the payment in part C was received and place an X in the appropriate box to indicate whether the person or firm named is an employer or labor relations consultant.

Item 14. NATURE OF PAYMENT. For each payment under part C not excluded above, identify the nature of the income or benefit (e.g., continuing use of automobile for personal purposes, gift of refrigerator, payment for services not excluded above, etc.). State the amount or value of the income or benefit and the date it was received.

Item 15. SIGNATURE AND VERIFICATION. The person filing will sign the report, enter the city and state where signed and the date of signature. Each individual required to sign a report is personally responsible for any statement contained therein which he knows to be false.

GPO 883-620